IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOVADO GROUP, INC., AND MOVADO LLC, | § § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | CIVIL ACTION NO. 1:19-cv-03544 |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | | District Judge Ronald A. Guzman Magistrate Judge Jeffrey Cummings |
| Defendants. | | |

**PLAINTIFFS' MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER AND EXPEDITED DISCOVERY**

Plaintiffs, Movado Group, Inc. and Movado LLC (collectively "Movado" or "Plaintiffs"), filed suit against Defendants, asserting claims of trademark counterfeiting, trademark infringement, and false designation of origin arising out of 15 U.S.C. § 1114 and 15 U.S.C. § 1125(A), respectively, as well as a violation of the Illinois Deceptive Trade Practices Act. (Pls.' Original Compl. ¶¶ 33-58, ECF No. 1.) Each of those causes of action arise from Defendants' sales, through commercial internet stores, of infringing and counterfeit goods bearing one or more of Movado's trademarks without authorization. Because such sales unquestionably infringe upon Movado's federally registered trademarks and cause immeasurable harm to, among other things, Movado's goodwill and consumer confidence in products bearing the Movado trademarks, Movado is entitled to the requested temporary restraining order. *See Bulgari, S.p.A. v. Xiaohong*, No. 15-cv-05148, 2015 U.S. Dist. LEXIS 140606, at *8-9 (N.D. Ill. Oct. 15, 2015).

Moreover, the temporary restraining order should be issued without notice pursuant to

Federal Rule of Civil Procedure 65(b). Based on the specific facts presented in Movado's Memorandum in Support of Motion for *Ex Parte* Temporary Restraining Order and Expedited Discovery, providing Defendants with notice of this action before temporary injunctive relief has been issued and implemented would only give Defendants an opportunity to remove assets beyond the Court's reach, as well as close the listings at issue and open new listings under a different alias. In other words, giving Defendants notice would render further prosecution of this action fruitless. *See Palo Fashions, Inc. v. Clothes Encounters, P.T.M. Enters.*, No. 84-cv-2491, 1984 U.S. Dist. LEXIS 18196, at *8 (N.D. Ill. Mar. 27, 1984). Thus, as courts in this district have done repeatedly under identical circumstances, the requested temporary restraining order should be issued without notice. *See Levi Strauss & Co. v. 365 Days Store, et al.*, No. 1:19-cv-01768, ECF No. 23 (N.D. Ill. Mar. 14, 2019) (*Ex Parte* Temporary Restraining Order); *Luxottica Group S. p. A., et al. v. ZhouLiang, et al.*, No. 1:19-cv-00564, ECF No. 27 (N.D. Ill. Feb. 7, 2019) (*Ex Parte* Temporary Restraining Order); *River Light V, L. P., et al. v. Xie Ji Ping, et al.*, No. 1:19-cv-00161, ECF No. 27 (N.D. Ill. Jan. 15, 2019) (*Ex Parte* Temporary Restraining Order); *Swarovski Aktiengesellschaft, et al. v. Wuhongliu, et al.*, No. 1:18-cv-03480, ECF No. 30, (N.D. Ill. June 14, 2018) (*Ex Parte* Temporary Restraining Order).

Plaintiffs further seek expedited discovery for the purpose of preserving the status quo while this suit is litigated and to more efficiently prosecute this action to its conclusion. *See Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011). In particular, Movado seeks limited and focused discovery from the online marketplaces and third-party-payment providers for the purpose of identifying the location and contents of Defendants' related financial accounts, as well as their related contact information. Again, courts in this district have authorized such discovery under these exact same circumstances. *See Levi Strauss & Co. v. 365*

*Days Store, et al.*, No. 1:19-cv-01768, ECF No. 23 (N.D. Ill. Mar. 14, 2019).

Plaintiffs' Motion for *Ex Parte* Temporary Restraining Order and Expedited Discovery is further supported by Plaintiffs' Memorandum in Support of *Ex Parte* Temporary Restraining Order and Expedited Discovery filed contemporaneously herewith.

WHEREFORE, for the reasons set forth herein and Plaintiffs' Memorandum in Support of *Ex Parte* Temporary Restraining Order and Expedited Discovery, Plaintiffs respectfully request that this Motion for *Ex Parte* Temporary Restraining Order be granted in its entirety, that the Court enter an *Ex Parte* Temporary Restraining Order that prohibits all sales of counterfeit goods by Defendants and freezes all financial assets associated with Defendants' infringing sales, enter an order permitting Plaintiffs' to take limited expedited discovery, and grant Plaintiffs all other relief to which they are entitled.

Dated:  May 29, 2019

      */s/ Shima Roy*
**Shima Roy**
shima.roy@bakermckenzie.com
**Katie Fisk**
katie.fisk@bakermckenzie.com
**BAKER McKENZIE**
300 East Randolph Street, Suite 5000
Chicago, Illinois 60601
Telephone:  312-861-8000
Facsimile:  312-861-2899

**W. Bart Rankin** *(pro hac vice* pending)
w.rankin@bakermckenzie.com
**BAKER McKENZIE**
1900 North Pearl Street, Suite 1500
Dallas, Texas, 75201
Telephone:  214-978-3000
Facsimile:     214-978-3099


ATTORNEYS FOR MOVADO GROUP, INC.
AND MOVADO LLC