**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MOVADO GROUP, INC., AND MOVADO LLC,** | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **CIVIL ACTION NO. 1:19-cv-03544** |
| | § | **District Judge Ronald A. Guzman** |
| **THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"** | § | **Magistrate Judge Jeffrey Cummings** |
| **Defendants.** | § | |

**PRELIMINARY INJUNCTION ORDER**

On this day, the Court heard Plaintiffs Movado Group, Inc. and Movado LLC's (collectively, "Plaintiffs" or "Movado") Motion for Preliminary Injunction (the "Motion"). After considering the Motion and supporting documents and evidence, as well as all other matters of record, the Court is of the opinion that the Motion is meritorious and should be GRANTED. It is therefore ORDERED that:

1. The Defendants listed on Schedule A to Plaintiffs' Original Complaint are subject to this Court's jurisdiction by virtue of operating fully interactive commercial internet stores that, among other things, offer to sell and ship products into the State of Illinois and to Illinois residents. As a result, the Defendants have intentionally directed their activities at Illinois and have purposefully availed themselves of the privilege of conducting business in the State of Illinois. The injury alleged by Plaintiffs arises from Defendants' conduct in the State of Illinois, and thus, the Court's exercise of specific personal jurisdiction over the Defendants does not

offend traditional notions of fair play and substantial justice. *See Christian Dior Couture, S.A. v. Liu*, No. 15-cv-6324, 2015 U.S. Dist. LEXIS 158225, at *5-7 (N.D. Ill. Nov. 17, 2015).

2. The Plaintiffs are also entitled to the requested preliminary injunction order, and by entering this Preliminary Injunction, the Court finds that the relief set forth in the previously granted *Ex Parte* Temporary Restraining Order ("TRO"), ECF No. 19, shall remain in place through the pendency of this litigation.

3. This Preliminary Injunction is supported by the evidence presented by Plaintiffs and is warranted under Federal Rule of Civil Procedure 65. Plaintiffs have presented sufficient evidence showing that Defendants are likely selling counterfeit and infringing products that are using one or more of the following MOVADO Trademarks without authorization:

| **Trademark** | **Registration No.** | **Goods** |
|---|---|---|
| MOVADO | 1,294,171 | Watches and parts therefor |
| MOVADO | 3,120,578 | Jewelry; rings; bracelets; necklaces; cufflinks; earrings; pendants |
| MOVADO | 3,785,542 | Horological and chronometric instruments |
| MOVADO BOLD | 4,166,814 | Horological and chronometric instruments |
| MOVADO | 5,254,113 | Smartwatches and wearable digital electronic devices |
| HERITAGE | 1,494,165 | Watches |
| MUSEUM | 1,114,067 | Wrist watches |

| VIZIO | 2,098,170 | Watches |
| --- | --- | --- |
| ELIRO | 2,493,126 | Watches |
| ESPERANZA | 2,859,263 | Watches |
| AMOROSA | 2,767,577 | Watches |
| RED LABEL | 3,782,004 | Horological and chronometric instruments |
| SERIES 800 | 3,739,784 | Horological and chronometric instruments |
|  | 1,398,457 | Watches |
|  | 1,381,257 | Watches |

Accordingly, Plaintiffs have established a likelihood of success on the merits for each cause of action asserted in Plaintiffs' Original Complaint. *See Bulgari S.p.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 14-cv-4819, 2014 U.S. Dist. LEXIS 107218, at *8-24 (N.D. Ill. Jul. 18, 2014).

4. Plaintiffs have further established that without this Preliminary Injunction, they will suffer irreparable harm for which there is no adequate remedy at law. Movado has presented evidence that it has spent millions of dollars promoting its brand and the MOVADO Trademarks, reflecting that they have significant economic value. As the Court has already held, Movado has further shown a likelihood of success on the merits of its asserted claims including

trademark counterfeiting and trademark infringement under the Lanham Act. *See* 15 U.S.C. § 1114. Accordingly, Movado has presented evidence establishing that it has and will continue to suffer irreparable harm in the form of loss of goodwill, brand dilution, and control over the quality of products that bear its federally registered trademarks. No other adequate remedy at law exists to cure that harm. *See Bulgari, S.p.A. v. Xiaohong*, No. 15-cv-05148, 2015 U.S. Dist. LEXIS 140606, at *8-9 (N.D. Ill. Oct. 15, 2015).

5. The balance-of-harms and effect-on-public-interest factors also favor issuing this Preliminary Injunction. Any harm to Defendants is outweighed by the irreparable harm to Plaintiffs as found above, and the public interest is served by the enforcement of trademark laws, which seek to prevent consumer confusion. *See Miyano Mach. USA, Inc. v. Miyanohitec Mach., Inc.*, 576 F. Supp. 2d 868, 888 (N.D. Ill. 2008). Thus, the Court concludes that Plaintiffs are entitled to this Preliminary Injunction.

6. In view of the foregoing and other matters of record, the Court enters this Preliminary Injunction and ORDERS that Defendants, and any officers, employees, agents, or any other person or entity acting on behalf of Defendants, collectively or individually, are enjoined and restrained during the pendency of this litigation from directly or indirectly using in any manner one or more of the MOVADO Trademarks without authorization, including but not limited to using any reproduction, copy, or substantially indistinguishable imitation of any MOVADO Trademark in connection with the offering for sale, distribution, manufacturing, shipping, marketing, or advertising of any product that is not a genuine Movado product authorized by Movado to be sold.

7. It is further ordered that any third party that has contracted with, is in privity with, is associated with, and/or has provided any service to Defendants, individually or collectively,

that is related in any way with the Defendants' listings at issue in this lawsuit as reflected on Schedule A to the Plaintiffs' Original Complaint and this Order, including but not limited to AliExpress, Amazon, DHgate, eBay, Wish.com, PayPal, Western Union, or any other marketplace, merchant account providers, payment providers, third party processors, and/or credit card associations (collectively, the "Third Party Providers") are upon receiving notice of this Order restrained and enjoined during the pendency of this litigation from and ordered to:

    a). cease and disable Defendants' listings set forth in Schedule A to the Plaintiffs' Original Complaint and this Order;

    b). cease and disable all advertising used by or associated with Defendants' listings set forth in Schedule A to the Plaintiffs' Original Complaint and this Order; and

    c). restrain, enjoin, and freeze all accounts and funds that are connected in any way to each Defendant or each Defendant's online listings set forth in Schedule A to this Order and prohibit the transfer, movement, altering, or disposing of those funds in any way from the existing accounts until further ordered by this Court.

8. The Court further orders that Plaintiffs are entitled to expedited discovery. Accordingly, any and all applicable third parties that receive notice of this Order, including but not limited to the Third Party Providers and any other party that has contracted with, is in privity with, is associated with, and/or has provided any service to Defendants, individually or collectively, that is related in any way with the Defendants' listings at issue in this lawsuit as reflected on Schedule A, shall within 7 days of receiving notice of this order, to the extent not already provided, provide documents or business records to Plaintiffs sufficient to show the following to the extent in the third party's possession, custody, or control:

    a). the identity and location of all financial accounts associated with or

reflecting sales made by each Defendant, including without limitation, any and all PayPal accounts, Alipay accounts, DHgate pay accounts, Wish.com accounts, Amazon Pay accounts, Western Union accounts, or any other payment provider account related in any way to Defendants;

        b). for each financial account identified in response to (a), provide a full accounting of all amounts currently maintained in each such account as of the date this Order was received;

        c). for each Defendant a full accounting, in U.S. dollars, of all sales made by each Defendant in the last 12 months;

        d). for each Defendant all identifying information, including but not limited to all e-mail addresses, physical addresses, telephone numbers, and any other contact information associated with each Defendant, including its agents, officers, employees, affiliates, subsidiaries, parents, and/or any other person or entity acting on behalf of the Defendant; and

        e). the identity of all online marketplace listings registered to each Defendant.

9. Pursuant to Federal Rule of Civil Procedure 65(c), the $10,000 bond posted by Plaintiff shall remain with the Court until Final disposition of this case or until this Preliminary Injunction is terminated.

10. Any Defendant that is the subject of this Order may appear and move to dissolve or modify the Order on two (2) days notice to Plaintiffs or a lesser time period as ordered by the Court.

Dated: July 2, 2019

The Honorable Ronald A. Guzman
United States District Judge